OPC.CV.8059347

# CITATION FOR PETITION

**ERIC WILLIAMS**

**VS**

**WALMART INC ET AL**

**DOCKET NUMBER: C-20240496**

**SEC CV3**
**EAST BATON ROUGE**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**4TH JDC**

**D.H. PLACE COMPANY, INC**
**CORPORATION SERVICES COMPANY - AGENT**
**450 LAUREL STREET, 8TH FLOOR**
**BATON ROUGE, LA 70801**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSION.

You must either comply with the demand contained in the petition or make and appearance either by filing an answer or other pleading in the Office of the Clerk of this Court at the Ouachita Parish Court House, located at 301 South Grand, Monroe, La 71201 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his/her answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CAN NOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk of Court for Ouachita Parish on the **FEBRUARY 14, 2024.**

OUACHITA PARISH CLERK OF COURT

STATE OF LOUISIANA · UNION · JUSTICE · CONFIDENCE · PARISH OF OUACHITA

Scarlett Allen

DEPUTY CLERK

REQUESTED BY: **E MICHAEL MAHAFFEY #37214**

**TRUE COPY**

EXHIBIT 1

OPC.CV.8059339

# NOTICE - INTERROGATORIES / REQUEST FOR PRODUCTION OF DOCUMENTS

**ERIC WILLIAMS**

**VS**

**WALMART INC ET AL, LIBERTY MUTUAL FIRE INSURANCE COMPANY, D.H. PLACE COMPANY, INC**

**DOCKET NUMBER: C-20240496**
**SEC: CV3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**

**FOURTH JUDICIAL DISTRICT COURT**

**EAST BATON ROUGE PARISH**

TO: D.H. PLACE COMPANY, INC
CORPORATION SERVICES COMPANY - AGENT
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

YOU ARE HEREBY NOTIFIED by this Honorable Court that INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS/REQUEST FOR ADMISSION were filed on FEBRUARY 12, 2024 in the office of the Clerk of Court, Ouachita Parish, Louisiana, a certified copy of which is attached hereto and made a part hereof.

YOU ARE HEREBY REQUESTED AND REQUIRED to SEE ATTACHED

NOTICE issued by the Clerk of Court for Ouachita Parish, Louisiana, this FEBRUARY 14, 2024.

OUACHITA PARISH CLERK OF COURT

STATE OF LOUISIANA · UNION · JUSTICE · CONFIDENCE · PARISH OF OUACHITA

Scarlett Carr

Deputy Clerk

REQUESTED BY: E MICHAEL MAHAFFEY #37214

**TRUE COPY**

EXHIBIT 1

STATE OF LOUISIANA § PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

ERIC WILLIAMS

VERSUS NO. ____________________

WALMART, INC., ET AL

FILED: Ouachita Parish C-20240496 CV3
Filed Feb 12, 2024 2:52 PM
Lakeshia Douglas
Deputy Clerk of Court

DEPUTY CLERK OF COURT

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **ERIC WILLIAMS**, major domiciliary of Eros, Jackson Parish, Louisiana, and respectfully represents:

1.

Made Defendants herein are:

(a) **WALMART, INC., #307 ("WALMART")** a foreign corporation authorized to do and actually doing business in the State of Louisiana;

(b) **LIBERTY MUTUAL FIRE INSURANCE COMPANY, ("LIBERTY MUTUAL")** a foreign insurance company authorized to do and actually doing business in the State of Louisiana; and

(c) **D. H. PACE COMPANY, INC.,( "D. H. PACE")** a foreign corporation authorized to do and actually doing business in the State of Louisiana; and

2.

On February 12, 2023, Plaintiff, **ERIC WILLIAMS**, was a customer at **WALMART** located at 1025 Glenwood Drive, West Monroe, Louisiana, on its premises, owned and/or at all times pertinent herein under the Custody and Control and operated by Defendant, **WALMART**.

3.

While plaintiff, **ERIC WILLIAMS**, was walking into Walmart the automatic doors, owned by **D. H. PACE**, malfunctioned, closing on him and injuring his right shoulder.

4.

The sole and legal cause of this accident and all resulting damages was the fault and negligence of Defendant, **WALMART** in the following particulars:

(a) Negligent hiring;

RECEIVED 2024 FEB 12 P 2:45

Certified True and Correct Copy
CertID: 2024021400110

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date: 2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

(b) negligent supervision;

(c) failure to train employees; and

(d) failure to monitor, evaluate, amend and/or sanction unsafe and/or hazardous policies and procedures conducted on the premises.

5.

The sole and legal cause of this accident and all resulting damages was the fault and negligence of Defendant, **D. H. PACE** in the following particulars:

(a) Negligent hiring;

(b) negligent supervision;

(c) failure to train employees; and

(d) failure to monitor, evaluate, amend and/or sanction unsafe and/or hazardous policies and procedures conducted on the premises.

6.

The sole and legal cause of this accident and all resulting damages was the fault and negligence of Defendants, **WALMART** and **D. H. PACE**, for creating, allowing to be created, and/or encouraging to be created, the unreasonably unsafe condition which ultimately caused plaintiff, **ERIC WILLIAMS**, to suffer from injuries namely, the automatic sliding doors had been open to the public and creating a hazard.

7.

Defendants, **WALMART** and **D. H. PACE**, are vicariously liable for the conduct of its employees on the theory of respondent superior found under Louisiana Civil Code Article 2320, based upon the fact that the employees of defendants, **WALMART** and **D.H. PACE,** allowed customers to used the malfunctioning automatic doors.

8.

Plaintiff, **ERIC WILLIAMS**, affirmatively pleads the doctrine of Res Ipsa Loquitur. His injuries were not the fault of his own and would not have occurred but for the Defendants, **WALMART** and **D. H. PACE**, negligence.

Certified True and Correct Copy
CertID: 2024021400110
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

9.

As a result of this accident, Plaintiff, **ERIC WILLIAMS**, sustained the following:

a) past, present, and future physical injuries;

b) past, present, and future physical pain and suffering;

c) past, present, and future mental anguish and emotional distress;

d) past, present, and future medical expenses;

e) past, present, and future loss of enjoyment of life;

f) past, present, and future interest;

g) past, present, and future costs; and

h) other damages to be more particularly proven at trial on the merits.

10.

As a result of this accident, Plaintiff, **ERIC WILLIAMS**, sustained injuries to his right shoulder, and other injuries to be more particularly proven at a trial on the merits.

11.

Prior to the accident herein, Defendant, **LIBERTY MUTUAL** issued a policy of liability insurance to and for the benefit of **D.H. PACE COMPANY, INC.** insuring it or them for the type of negligence complained of herein.

12.

Defendants, **WALMART, LIBERTY MUTUAL, and D. H. PACE** are liable unto Plaintiff individually and jointly with regard to the claims asserted herein.

WHEREFORE, **ERIC WILLIAMS**, prays for Judgment herein in his favor and against Defendants, **WALMART, LIBERTY MUTUAL, and D. H. PACE** individually and jointly, in such amounts as are reasonable within the premises including penalties and attorney's fees, and any and all other equitable relief, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, and, for a trial by jury.

Certified True and Correct Copy
CertID: 2024021400110

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date:
2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

JOHN F. BRUSCATO BRN 34900
E. MICHAEL MAHAFFEY BRN 37214

*BRUSCATO LAW FIRM*
603 JACKSON STREET
POST OFFICE BOX 34
MONROE, LOUISIANA 71210-0034
(318) 323-4070
FACSIMILE (318) 703-8694
JOHN@BRUSCATOLAW.COM
MICHAEL@BRUSCATOLAW.COM

PLEASE SERVE:

WALMART, INC.
THROUGH AGENT FOR SERVICE OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

LIBERTY MUTUAL FIRE INSURANCE COMPANY
THROUGH AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

D.H. PACE COMPANY, INC
THROUGH AGENT FOR SERVICE OF PROCESS:
CORPORATION SERVICES COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA70801

Certified True and Correct Copy
CertID: 2024021400110
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date:
2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE OF LOUISIANA § PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

ERIC WILLIAMS

VERSUS NO. ____________________

WALMART, INC.

FILED Quachita Parish C-20240496 CV3
Filed Feb 12, 2024 2:52 PM
Lakeshia Douglas
Deputy Clerk of Court

DEPUTY CLERK OF COURT

INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, and REQUEST FOR ADMISSIONS

**To:** WALMART, INC.
THROUGH AGENT FOR SERVICE OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

Plaintiff, **ERIC WILLIAMS,** propounds the following Interrogatories, Request for Production of Documents and Requests for Admissions to Defendant, Walmart, INC., to be answered separately and fully, in writing under oath, within the delays as allowed under the Louisiana Code of Civil Procedure Article 1421, et seq. These Interrogatories, Requests for Production of Documents and Requests for Admissions are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon which and the manner in which such further or different information came to your attention.

Pursuant to Article 1461, et seq. of the Louisiana Code of Civil Procedure, please produce for inspection and copying the originals or certified copies of the following specified items at the Law Office of John F. Bruscato, 603 Jackson Street, Monroe, Louisiana 71210 between the hours of 9:00 a.m. and 4:00 p.m., within the delays allowed by law.

DEFINITIONS

The Plaintiff sets forth the following definitions of various words or phrases which are used on the following Interrogatories and Requests for Production of Documents.

YOU; YOUR; DEFENDANT: The use of each or any of these words is intended to refer to the Defendant to whom the attached request is addressed and on whose behalf the response is being made. Any and each of these words are intended to refer to any and each department, division, office, agency, or affiliate thereof. Further, any and each of these words is intended to

include any successor or predecessor firm(s) or corporation(s) and is intended to include any parent corporation(s) as well as any other corporate business entity with which said corporation has merged or consolidated. Further, each and any of these words is intended to include present and former officers, directors, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of any of the above.

DOCUMENT(S); DOCUMENTATION: These words are intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs, and any method or medium by which information is utilized by computers. In addition to a copy of the original of any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communications, or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting, or used in the preparation of any such documents; and any and all attachments to the original and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.

IDENTIFY; IDENTIFICATION; IDENTITY: With respect to any person, means to provide as much information as is available to you to lead to that person's being located, including the name, present address (or if unknown, the last known address), telephone number, current or last known place of employment and position with such employer, business address and telephone number, and, where applicable from the sense of the interrogatory, a description of each such person's connection with the events inquired about.

With respect to a document, identify means to identify it with such particularity as you would require in a request for production.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify all employees at the Premises on the Incident Date, and for each, state whether they are presently employed by You.

**INTERROGATORY NO. 2:**

Describe the specific training programs in place for employees operating and maintaining automatic doors at WALMART.

Certified True and Correct Copy
CertID: 2024021400111

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date:
2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NO. 3:**

Please provide copies of any documents, manuals, or guidelines related to the safe operation and maintenance of automatic doors at the premises of the incident.

**INTERROGATORY NO. 4:**

Identify all incidents involving malfunctioning automatic doors at the WALMART #307 located at 1025 Glenwood Drive, West Monroe, Louisiana, in the past five years.

**INTERROGATORY NO. 5:**

List all safety measures or protocols implemented by WALMART #307 to address malfunctions or hazards associated with automatic doors.

**INTERROGATORY NO. 6:**

Provide the names, job titles, and qualifications of individuals responsible for hiring, supervising, and training employees at WALMART #307.

**INTERROGATORY NO. 7:**

List all safety measures or protocols implemented by WALMART to address malfunctions or hazards associated with automatic doors.

**INTERROGATORY NO. 8:**

Please provide all documentation of any communication between WALMART and D. H. PACE regarding the maintenance or repair of the automatic doors.

**INTERROGATORY NO. 9:**

Please identify any photographs, investigative or incident reports, video or surveillance footage, and any other potential evidence related to this incident, whether it still exists or not, and further identify every step you• took to preserve the same..

**INTERROGATORY NO. 10:**

Describe the process followed by WALMART for monitoring and evaluating the safety of its premises, including policies related to hazardous conditions.

**INTERROGATORY NO. 11:**

State the following concerning notice of claim and timing of payment:

a) The date and manner in which you received notice of the claim

b) The date and manner in which you acknowledged receipt of the claim

c) The date and manner in which you commenced investigation of the claim

Certified True and Correct Copy
CertID: 2024021400111

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date: 2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

d) The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

e) The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**INTERROGATORY NO. 12:**

Identify each person whom you expect to call as an expert witness at trial giving the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and identify each fact, document or other information provided to each such expert and upon which such expert has relied in rendering an opinion.

**INTERROGATORY NO. 13:**

State the name, address, and telephone number of any and all lay witnesses you presently intend to call to testify at the trial of the above numbered and entitled cause. For each witness, provide a brief description of the testimony to be adduced at trial.

**INTERROGATORY NO. 14 :**

List and describe in detail all tangible or physical evidence, all documents or writings and any other evidence which you intend to attempt to introduce into evidence or use at the trial of this case.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Provide copies of any contracts or agreements between WALMART and D. H. PACE regarding the maintenance of automatic doors at the specified location.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents related to the hiring, training, and supervision of employees at WALMART involved in the incident on February 12, 2023.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any written policies or guidelines in place at WALMART for addressing and responding to hazards or malfunctions involving automatic doors.

Certified True and Correct Copy
CertID: 2024021400111
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 4:**

Provide all incident reports, complaints, or claims related to malfunctioning automatic doors at the WALMART location in the past five years.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any correspondence, emails, or other communications between WALMART and D. H. PACE regarding the automatic doors' maintenance or repair.

**REQUEST FOR PRODUCTION NO. 6:**

Provide copies of any surveillance footage or records capturing the incident involving Plaintiff, ERIC WILLIAMS, on February 12, 2023.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents related to safety inspections, evaluations, or audits conducted by WALMART on its premises, specifically focusing on the automatic doors.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any documents, manuals, or guidelines related to the design, installation, and operation of the automatic doors in question.

**REQUEST FOR PRODUCTION NO. 9:**

Provide any insurance policies, including liability insurance pertaining to the claims involved in this suit.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents related to the hiring, training, and supervision of employees at WALMART involved in the incident on February 12, 2023.

**REQUEST FOR PRODUCTION NO. 11:**

All written, recorded, and/or signed statements of any person, including the Plaintiff, Defendant, witnesses, investigators, or any agent, representative, or employee of the parties, concerning the subject matter of this action.

**REQUEST FOR PRODUCTION NO. 12:**

All photographs, videotapes or audiotapes, x-rays, diagrams, medical records, surveys, or other graphic representations of information concerning the subject matter of this action, the Plaintiffs, or other damage.

Certified True and Correct Copy
CertID: 2024021400111
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Please admit that you received the Certified Letter of Preservation dated February 15, 2023.

**REQUEST FOR ADMISSIONS NO. 2:**

Please admit you conducted business at the premises of the incident.

**REQUEST FOR ADMISSIONS NO. 3:**

Please admit that no third party caused or contributed to the malfunctioning of the sliding doors at the premises of the Incident Date.

**REQUEST FOR ADMISSIONS NO. 4:**

Please admit that no Third Party has fault for, or negligently contributed to installing the sliding doors at the premises on the date of incident. (Note that for purposes of this admission, Plaintiff would not be a Third Party and you are not precluded from alleging comparative fault by admitting to this request. Essentially, we want to know if you allege third party negligence as a defense.)

Respectfully submitted,

JOHN F. BRUSCATO BRN 34900
E. MICHAEL MAHAFFEY BRN 37214

*BRUSCATO LAW FIRM*
603 JACKSON STREET
POST OFFICE BOX 34
MONROE, LOUISIANA 71210-0034
(318) 323-4070
FACSIMILE (318) 703-8694
JOHN@BRUSCATOLAW.COM
MICHAEL@BRUSCATOLAW.COM

PLEASE SERVE:

WALMART, INC.
THROUGH AGENT FOR SERVICE OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

Certified True and Correct Copy
CertID: 2024021400111

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date: 2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE OF LOUISIANA § PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

ERIC WILLIAMS

VERSUS NO. ______________

WALMART, INC.

Ouachita Parish C-20240496 CV3
FILED: Filed Feb 12, 2024 2:52 PM
Lakeshia Douglas
Deputy Clerk of Court
DEPUTY CLERK OF COURT

INTERROGATORIES and REQUEST FOR PRODUCTION OF DOCUMENTS

**To:** D.H. PACE COMPANY, INC
THROUGH AGENT FOR SERVICE OF PROCESS:
501 LOUISIANA AVENUE
BATON ROUGE, LA70802

Plaintiff, **ERIC WILLIAMS,** propounds the following Interrogatories, Request for Production of Documents and Requests for Admissions to Defendant, D.H PACE to be answered separately and fully, in writing under oath, within the delays as allowed under the Louisiana Code of Civil Procedure Article 1421, et seq. These Interrogatories, Requests for Production of Documents and Requests for Admissions are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon which and the manner in which such further or different information came to your attention.

Pursuant to Article 1461, et seq. of the Louisiana Code of Civil Procedure, please produce for inspection and copying the originals or certified copies of the following specified items at the Law Office of John F. Bruscato, 603 Jackson Street, Monroe, Louisiana 71210 between the hours of 9:00 a.m. and 4:00 p.m., within the delays allowed by law.

DEFINITIONS

The Plaintiff sets forth the following definitions of various words or phrases which are used on the following Interrogatories and Requests for Production of Documents.

YOU; YOUR; DEFENDANT: The use of each or any of these words is intended to refer to the Defendant to whom the attached request is addressed and on whose behalf the response is being made. Any and each of these words are intended to refer to any and each department, division, office, agency, or affiliate thereof. Further, any and each of these words is intended to include any successor or predecessor firm(s) or corporation(s) and is intended to include any parent



Certified True and Correct Copy
CertID: 2024021400112
Ouachita Parish
Deputy Clerk Of Court
Generated Date: 2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

corporation(s) as well as any other corporate business entity with which said corporation has merged or consolidated. Further, each and any of these words is intended to include present and former officers, directors, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of any of the above.

DOCUMENT(S); DOCUMENTATION: These words are intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs, and any method or medium by which information is utilized by computers. In addition to a copy of the original of any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communications, or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting, or used in the preparation of any such documents; and any and all attachments to the original and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.

IDENTIFY; IDENTIFICATION; IDENTITY: With respect to any person, means to provide as much information as is available to you to lead to that person's being located, including the name, present address (or if unknown, the last known address), telephone number, current or last known place of employment and position with such employer, business address and telephone number, and, where applicable from the sense of the interrogatory, a description of each such person's connection with the events inquired about.

With respect to a document, identify means to identify it with such particularity as you would require in a request for production.

**INTERROGATORIES**

**INTERROGATORY NO 1:**

Identify all documents, including but not limited to emails, memoranda, and reports, related to the project or transaction at issue in this lawsuit. Please specify the date, author, and recipients of each document.

**INTERROGATORY NO 2:**

State whether D.H. Pace conducted any internal investigations or audits related to the matters alleged in the complaint. If so, provide details of the findings taken into response.

Certified True and Correct Copy
CertID: 2024021400112

EXHIBIT 1
Ouachita Parish
Deputy Clerk Of Court

Generated Date: 2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

**INTERROGATORY NO 3:**

Identify all individuals who have knowledge of facts or circumstances that may be relevant to the claims or defenses in this case. For each person identified, provide a summary of the information they possess.

**INTERROGATORY NO 4:**

Identify all insurance policies held by D.H. Pace that may be applicable to the claims made in this lawsuit. Provide policy numbers, coverage limits, and any relevant exclusions.

**INTERROGATORY NO 5:**

Describe any agreements, contracts, or understandings between D.H. Pace and [other relevant parties] related to the subject matter of this lawsuit.

**INTERROGATORY NO 6:**

Provide a detailed breakdown of all financial transactions, payments, or invoices related to the project or transaction at issue, including dates, amounts, and the purpose of each transaction.

**INTERROGATORY NO 7:**

Identify all employees, agents, or representatives of D.H. Pace who had any involvement in the events leading to the subject matter of this lawsuit. For each person identified, provide their job title and a brief description of their role.

**INTERROGATORY NO 8:**

Identify all documents, including but not limited to emails, memoranda, and reports, related to the project or transaction at issue in this lawsuit. Please specify the date, author, and recipients of each document.

**INTERROGATORY NO 9:**

State whether D.H. Pace conducted any internal investigations or audits related to the matters alleged in the complaint. If so, provide details of the findings, conclusions, and any actions taken in response.

**INTERROGATORY NO 10:**

Identify all individuals who have knowledge of facts or circumstances that may be relevant to the claims or defenses in this case. For each person identified, provide a summary of the information they possess.

Certified True and Correct Copy
CertID: 2024021400112

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date:
2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NO. 11:**

State the following concerning notice of claim and timing of payment:

a) The date and manner in which you received notice of the claim

b) The date and manner in which you acknowledged receipt of the claim

c) The date and manner in which you commenced investigation of the claim

d) The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

e) The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**INTERROGATORY NO. 12:**

Identify each person whom you expect to call as an expert witness at trial giving the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and identify each fact, document or other information provided to each such expert and upon which such expert has relied in rendering an opinion.

**INTERROGATORY NO. 13:**

State the name, address, and telephone number of any and all lay witnesses you presently intend to call to testify at the trial of the above numbered and entitled cause. For each witness, provide a brief description of the testimony to be adduced at trial.

**INTERROGATORY NO. 14 :**

List and describe in detail all tangible or physical evidence, all documents or writings and any other evidence which you intend to attempt to introduce into evidence or use at the trial of this case.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents that evidence or relate to the contractual relationship between D.H. Pace and Walmart.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents related to any warnings, complaints, or safety concerns raised by employees, contractors, or third parties regarding the project at issue.

Certified True and Correct Copy
CertID: 2024021400112

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date:
2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 3:**

Provide copies of all written or electronic communications between D.H. Pace and any third parties involved in the project, including but not limited to subcontractors, suppliers, and consultants.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents related to D.H. Pace's internal investigations or audits concerning the matters alleged in the complaint.

**REQUEST FOR PRODUCTION NO. 5:**

Provide copies of all relevant policies, procedures, and protocols followed by D.H. Pace in relation to the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents relating to the selection, training, and supervision of employees involved in the project.

**REQUEST FOR PRODUCTION NO. 7:**

Provide copies of all insurance policies held by D.H. Pace that may be applicable to the claims made in this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all financial records, including but not limited to invoices, receipts, and payment records, related to the project or transaction at issue.

**REQUEST FOR PRODUCTION NO. 9:**

Provide copies of any agreements, contracts, or understandings between D.H. Pace and concerning the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:**

All written, recorded, and/or signed statements of any person, including the Plaintiff, Defendant, witnesses, investigators, or any agent, representative, or employee of the parties, concerning the subject matter of this action.

**REQUEST FOR PRODUCTION NO. 11:**

All photographs, videotapes or audiotapes, x-rays, diagrams, medical records, surveys, or other graphic representations of information concerning the subject matter of this action, the Plaintiffs, or other damage.

Certified True and Correct Copy
CertID: 2024021400112

EXHIBIT 1
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/14/2024 11:28 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

**REQUEST FOR PRODUCTION NO. 12:**

Provide any and all documents, including policies and procedures, concerning evaluations, monitoring, and amendment of safety practices of D.H. Pace Company, Inc.

Respectfully submitted,

JOHN F. BRUSCATO BRN 34900
Æ. MICHAEL MAHAFFEY BRN 37214

*BRUSCATO LAW FIRM*
603 JACKSON STREET
POST OFFICE BOX 34
MONROE, LOUISIANA 71210-0034
(318) 323-4070
FACSIMILE (318) 703-8694
JOHN@BRUSCATOLAW.COM
MICHAEL@BRUSCATOLAW.COM

Please Serve:

D.H. PACE COMPANY, INC
THROUGH AGENT FOR SERVICE OF PROCESS:
CORPORATION SERVICES COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA70801

Certified True and Correct Copy
CertID: 2024021400112
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:28 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE OF LOUISIANA § PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

ERIC WILLIAMS

VERSUS NO. ____________________

WALMART, INC.

FILED Quachita Parish C-20240496 CV3
Filed Feb 12, 2024 2:52 PM
Lakeshia Douglas
Deputy Clerk of Court

DEPUTY CLERK OF COURT

INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**To:** LIBERTY MUTUAL FIRE INSURANCE COMPANY
THROUGH AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

Plaintiff, **ERIC WILLIAMS,** propounds the following Interrogatories, Request for Production of Documents and Requests for Admissions to Defendant, LIBERTY MUTUAL to be answered separately and fully, in writing under oath, within the delays as allowed under the Louisiana Code of Civil Procedure Article 1421, et seq. These Interrogatories, Requests for Production of Documents and Requests for Admissions are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon which and the manner in which such further or different information came to your attention.

Pursuant to Article 1461, et seq. of the Louisiana Code of Civil Procedure, please produce for inspection and copying the originals or certified copies of the following specified items at the Law Office of John F. Bruscato, 603 Jackson Street, Monroe, Louisiana 71210 between the hours of 9:00 a.m. and 4:00 p.m., within the delays allowed by law.

DEFINITIONS

The Plaintiff sets forth the following definitions of various words or phrases which are used on the following Interrogatories and Requests for Production of Documents.

YOU; YOUR; DEFENDANT: The use of each or any of these words is intended to refer to the Defendant to whom the attached request is addressed and on whose behalf the response is being made. Any and each of these words are intended to refer to any and each department, division, office, agency, or affiliate thereof. Further, any and each of these words is intended to include any successor or predecessor firm(s) or corporation(s) and is intended to include any parent

Certified True and Correct Copy
CertID: 2024021400113

EXHIBIT 1

Ouachita Parish
Deputy Clerk Of Court

Generated Date: 2/14/2024 11:29 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

corporation(s) as well as any other corporate business entity with which said corporation has merged or consolidated. Further, each and any of these words is intended to include present and former officers, directors, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of any of the above.

DOCUMENT(S); DOCUMENTATION: These words are intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs, and any method or medium by which information is utilized by computers. In addition to a copy of the original of any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communications, or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting, or used in the preparation of any such documents; and any and all attachments to the original and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.

IDENTIFY; IDENTIFICATION; IDENTITY: With respect to any person, means to provide as much information as is available to you to lead to that person's being located, including the name, present address (or if unknown, the last known address), telephone number, current or last known place of employment and position with such employer, business address and telephone number, and, where applicable from the sense of the interrogatory, a description of each such person's connection with the events inquired about.

With respect to a document, identify means to identify it with such particularity as you would require in a request for production.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all insurance policies issued by Liberty Mutual Fire Insurance Company to D.H. Pace Company, Inc., covering the period surrounding the incident on February 12, 2023.

**INTERROGATORY NO. 2:**

Provide a detailed explanation of Liberty Mutual's position on the application of Louisiana Civil Code Article 2320 concerning vicarious liability for the conduct of employees of its insured, D.H. Pace Company, Inc.

Certified True and Correct Copy
CertID: 2024021400113

Ouachita Parish
Deputy Clerk Of Court

EXHIBIT 1

Generated Date:
2/14/2024 11:29 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NO. 3:**

Identify any inspections, evaluations, or audits conducted by Liberty Mutual Fire Insurance Company on D.H. Pace Company, Inc.'s premises, specifically related to safety and the operation of automatic sliding doors, within the past three years.

**INTERROGATORY NO. 4:**

Explain Liberty Mutual's understanding of the allegations against D.H. Pace Company, Inc., in the petition filed by Eric Williams, and provide any documents relied upon in forming that understanding.

**INTERROGATORY NO. 5:**

State the following concerning notice of claim and timing of payment:

a) The date and manner in which you received notice of the claim

b) The date and manner in which you acknowledged receipt of the claim

c) The date and manner in which you commenced investigation of the claim

d) The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

e) The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**INTERROGATORY NO. 6:**

Identify each person whom you expect to call as an expert witness at trial giving the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and identify each fact, document or other information provided to each such expert and upon which such expert has relied in rendering an opinion.

**INTERROGATORY NO. 7:**

State the name, address, and telephone number of any and all lay witnesses you presently intend to call to testify at the trial of the above numbered and entitled cause. For each witness, provide a brief description of the testimony to be adduced at trial.

**INTERROGATORY NO. 8:**

Please provide details of any communications, including emails, letters, or memoranda, between Liberty Mutual and its insured, D.H. Pace Company, Inc., regarding the incident and

Certified True and Correct Copy
CertID: 2024021400113
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:29 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

subsequent claim filed by Eric Williams.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents related to the insurance policy issued by Liberty Mutual Fire Insurance Company to D.H. Pace Company, Inc., including but not limited to policy terms, coverage limits, and any endorsements.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all written or electronic communications between Liberty Mutual Fire Insurance Company ,D.H. Pace Company, Inc., and Walmart pertaining to the incident.

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of all communications, including emails, letters, or memoranda, between Liberty Mutual Fire Insurance Company and any third party regarding the incident on February 12, 2023, and the subsequent claim by Eric Williams.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents, including policies and procedures, regarding Liberty Mutual's handling and investigation of claims involving injuries resulting from malfunctioning automatic doors on commercial premises.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents related to Liberty Mutual's training programs for its insured, D.H. Pace Company, Inc., with respect to safety protocols and procedures for maintaining automatic doors on commercial premises.

**REQUEST FOR PRODUCTION NO. 6:**

Provide any and all documents, including policies and procedures, concerning Liberty Mutual's evaluation, monitoring, and amendment of safety practices of its insured, D.H. Pace Company, Inc.

Certified True and Correct Copy
CertID: 2024021400113
Ouachita Parish
Deputy Clerk Of Court
EXHIBIT 1
Generated Date: 2/14/2024 11:29 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

JOHN F. BRUSCATO BRN 34900
E. MICHAEL MAHAFFEY BRN 37214

*BRUSCATO LAW FIRM*
603 JACKSON STREET
POST OFFICE BOX 34
MONROE, LOUISIANA 71210-0034
(318) 323-4070
FACSIMILE (318) 703-8694
JOHN@BRUSCATOLAW.COM
MICHAEL@BRUSCATOLAW.COM

Please Serve:

LIBERTY MUTUAL FIRE INSURANCE COMPANY
THROUGH AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

Certified True and Correct Copy
CertID: 2024021400113

EXHIBIT 1

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/14/2024 11:29 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Ouachita Parish
Filed Mar 15, 2024 8:44 AM
Ethel Barfield
Deputy Clerk of Court
E-File Received Mar 14, 2024 5:17 PM
C-20240496
CV3

FOURTH JUDICIAL DISTRICT COURT

PARISH OF OUACHITA

STATE OF LOUISIANA

DOCKET NO. C-20240496 SEC CV3

ERIC WILLIAMS

VS.

WALMART, INC., ET AL

FILED: ______________________ ______________________
DEPUTY CLERK

## ANSWER

NOW INTO COURT, through undersigned counsel, comes the Defendant, D.H. Pace Company, Inc. (hereafter "D.H. Pace") and responds to the Petition for Damages filed by the Plaintiff, Eric Williams, as follows:

I.

The allegations of Paragraph 1 of the Petition for Damages are admitted only to the extent of the legal status of D. H. Pace Company, Inc. All remaining allegations are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 4 of the Petition for Damages do not require a response from D. H. Pace. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of the Petition for Damages are denied.

VI.

The allegations of Paragraph 6 of the Petition for Damages are denied with respect to D. H. Pace. Any and all allegations against Walmart do not require a response from D. H. Pace. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of the Petition for Damages are denied with respect to D. H. Pace. All allegations against Walmart do not require a response from D. H. Pace. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of the Petition for Damages are denied with respect to D. H. Pace. Any and all allegations related to Walmart do not require a response from D. H. Pace. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of the Petition for Damages are denied to the extent that D. H. Pace Company, Inc. was not insured by a policy issued by Liberty Mutual Insurance Company during the relevant time period. Instead, D. H. Pace Company, Inc. was insured by a policy of commercial general liability insurance issued by Safety National Insurance Company.

XII.

The allegations of Paragraph 12 of the Petition for Damages are denied with respect to D. H. Pace. All remaining allegations do not require a response from this

defendant and, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of the "WHEREFORE," or prayer for relief, paragraph of the Petition for Damages are denied.

XIV.

The Defendants pray for a trial by jury on all issues.

XV.

AND NOW, the Defendant, D. H. Pace Company, Inc., asserts the following affirmative defenses.

XVI.

The Plaintiffs' Petition for Damages fails to state a cause of action for which relief may be granted against D. H. Pace Company, Inc.

XVII.

Out of an abundance of caution, the Defendant avers the affirmative defense of prescription.

XVIII.

The Defendant avers that, in the alternative and as a separate and complete defense, that if it be found that Plaintiff was injured and/or sustained damages, which is denied, then said injuries and/or damages would be the result of fault, negligence, and omissions of the Plaintiff, Eric Williams. Any recovery allowed to the Plaintiff should be barred, diminished, reduced, or offset in accordance with the principles of comparative fault set forth under Louisiana law in the following non-exclusive particulars:

a. Failure to take proper precautions under the circumstances;

b. Failure to use due care for his safety;

c. Failure to ensure a clear path;

d. Failure to pay attention to his surroundings;

e. Failure to act in a safe and prudent manner when entering through the doorway;

f. Walking into the door as it was in the process of closing;

g. Any and all other acts of negligence to be proven at trial on the merits in this matter.

XIX.

Defendant avers in the alternative and as a separate and complete defense that, if it be found that the Plaintiff was injured and/or sustained damages, which is denied, then said injuries and/or damages were the result of the fault, negligence and omissions of third parties, for whom D. H. Pace is not liable or responsible, including but not limited to Walmart and its employees. Any recovery allowed to the Plaintiff should be diminished, reduced, offset or barred in accordance with the principles of comparative fault as set forth under Louisiana law.

XX.

Defendant avers that in the further alternative, and as a separate and complete defense, that the physical, mental and/or vocational disabilities of the Plaintiff, if any, were the result of pre-existing medical conditions and/or separate and distinct accidents.

XXI.

The Defendant further avers in the alternative and as a separate and complete defense, that the Plaintiff has failed to mitigate his damages.

XXII.

The Defendant pleads the doctrine of unavoidable accident.

XXIII.

The Defendant affirmatively pleads those defenses as set forth by the Louisiana Code of Civil Procedure, including fault of the Plaintiff and others, duress, error, mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by a fellow servant, and any other matter constituting an affirmative defense.

XXIV.

At all relevant times herein, the sole cause of this accident was the fault, negligence, and liability of the Plaintiff and/or Walmart, all of which bars any recovery against D. H. Pace herein.

XXV.

The door at issue was properly inspected and serviced by D. H. Pace based upon those service calls which were actually requested by Walmart and/or part of annual visits pursuant to Walmart's contract. To the extent that Walmart did not timely request service or alert D. H. Pace to any malfunction in the door at issue, D. H. Pace was not, and could not, have been aware of any such malfunction or the need for service.

XXVI.

D. H. Pace Company, Inc. was not the manufacturer or designer of the automatic doors at issue, or the sensors attached to that door, as of the time of the accident.

XXVII.

The Plaintiff's recovery of damages for medical expenses covered by collateral sources are limited pursuant to La. R.S. 9:2800.27.

XXVIII.

The Plaintiff's medical treatment, if any, was over and above the related fees and costs, i.e., overtreatment and costs.

XXIX.

WHEREFORE, Defendant, D. H. Pace Company, Inc., prays that this Answer be filed and that after all legal delays and due proceedings are had, there by judgment herein in favor of D. H. Pace Company, Inc. and against the Plaintiff, Eric Williams, dismissing his Petition, with prejudice, and at Plaintiff's costs.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**

**WADE A. LANGLOIS, III (#17681)**
**GINO R. FORTE (#29190)**
**ALLIE A. HINGLE (#40822)**
**ASHLEY A. HOLTZMAN (#40824)**
401 Whitney Ave., Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
*Counsel for D. H. Pace Company, Inc.*

**CERTIFICATE**

I HEREBY CERTIFY that on the 14 day of March, 2024, a copy of the above and foregoing has been served upon all counsel of record via electronic means:

John Bruscato (Via email: john@bruscatolaw.com)
Michael Mahaffey (Via email: michael@bruscatolaw.com)

GINO R. FORTE

g:\4291\0001\pleadings\answer of dh pace.docx



EXHIBIT 1

Ouachita Parish
Filed Mar 01, 2024 3:28 PM
Janae Brown
Deputy Clerk of Court
C-20240496
CV3

**ERIC WILLIAMS** **NUMBER: 20240496**

**VERSUS** **4TH JUDICIAL DISTRICT COURT**

**WAL-MART, INC., ET AL.** **OUACHITA PARISH, LOUISIANA**

**ANSWER TO PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC ("defendants"), who in response to the allegations of the Petition for Damages filed by plaintiff, ERIC WILLIAMS ("plaintiff"), deny each and every allegation contained therein, except as specifically admitted hereinafter. And now, responding to the separately numbered allegations of plaintiff's petition for damages, defendants respond as follows:

**ANSWER TO PETITION FOR DAMAGES**

1.

Defendants admit that WAL-MART, INC. is named as a defendant. In further answering, defendants aver that the entity which owns and operates the store where the incident allegedly occurred is Wal-Mart Louisiana, LLC. Defendants deny the remaining allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.

Defendants deny the allegations of paragraph 2.

3.

Defendants deny the allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4 and each of its subparts.

5.

Defendants deny the allegations of paragraph 5 and each of its subparts.



EXHIBIT 1

6.

Defendants deny the allegations of paragraph 6.

7.

Defendants deny the allegations of paragraph 7.

8.

Defendants deny the allegations of paragraph 8.

9.

Defendants deny the allegations of paragraph 9 and each of its subparts.

10.

Defendants deny the allegations of paragraph 10.

11.

Defendants deny the allegations of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12.

Defendants deny the allegations of paragraph 12.

IN FURTHER ANSWERING, defendants affirmatively plead as follows:

13.

Defendants affirmatively plead the fault of plaintiff as the sole cause of the damages complained of by plaintiff. Plaintiff failed to keep a proper lookout and to observe his surroundings, and to exercise reasonable care for the safety and protection of his own person.

14.

In the alternative, defendants affirmatively plead the comparative fault of plaintiff or third persons. To the extent any fault is allocated to plaintiff or third persons, any damages awarded against defendants, the right to which is denied, should be reduced in proportion to the fault of plaintiff or third persons.

15.

Defendants affirmatively plead the fault of third persons for whom defendants are not responsible and whose fault may have caused or contributed to the damages plaintiff claims to have suffered.

16.

Defendants affirmatively plead plaintiff's failure to mitigate his damages.

17.

Defendants allege, without admitting any liability whatsoever, that any acts or omissions of defendants were superseded by the acts or omissions of others, including those of plaintiff or third persons, all of which were independent, intervening and superseding causes of all alleged injury, damage or loss.

18.

Subject to further investigation and discovery, plaintiff's claims may have prescribed under applicable statutes of limitation.

19.

Defendants show that if any of the medical expenses claimed by plaintiff in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), plaintiff have no cause of action for recovery of any such medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of plaintiff constitutes a complete assignment of rights to said entities for recovery of those benefits.

20.

Defendants show that they are entitled to a credit for any medical expenses discounted or mark down by any provider pursuant to an agreement with plaintiff or plaintiff's counsel and with regard to any mark down or discount resulting from health

insurance payments or pursuant to a health insurance contract under the Balanced Billing Act, La. R.S. 22:1874.

21.

Defendants are entitled to a reduction in the amount for which they may be held liable in judgment in accordance with the degree or percentage of fault and/or negligence attributable to plaintiff, or to any and all other persons and legal entities, including those which may be or are released by settlement, bankruptcy, or otherwise, all in accordance with the laws of indemnity, comparative negligence, subrogation, and/or contribution.

22.

Defendants show that they are entitled to a credit for any medical expenses discounted or marked down by any healthcare provider who paid such expenses on behalf of or to plaintiff pursuant to the Louisiana Workers' Compensation Act.

23.

Defendants show that if any of the medical expenses claimed by plaintiff in this case have been paid pursuant to a health insurance issuer or Medicare, then pursuant to La. R.S. 9:2800.27 (part of the Civil Justice Reform Act of 2020), plaintiff's recovery of medical expenses is limited to the amount actually paid to the contracted medical provider by the health insurance issuer or Medicare, and any applicable cost sharing amounts paid or owed by the claimant, and not the amount billed.

24.

Defendants reserve the right to assert additional affirmative defenses based upon further investigation and discovery.

25.

Defendants are entitled to and prays for a trial by jury as to all issues triable by a jury.



EXHIBIT 1

WHEREFORE, defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC, respectfully pray the above and foregoing answer be deemed good and sufficient; and that following due proceedings had, there be judgment herein in favor of defendants and against plaintiff, rejecting and dismissing the claims and demands of the plaintiff at plaintiff's cost.

DEFENDANTS FURTHER PRAY for all general and equitable relief.

DEFENDANTS FURTHER PRAY for a jury trial as to all issues triable by a jury.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By:______________________________
Scott R. Wolf, La. Bar #28277

700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC. and
WAL-MART LOUISIANA, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Answer to Petition for Damages has this date been served upon the following parties by placing same in the United States Mail, postage paid.

John F. Bruscato
BRUSCATO LAW FIRM
603 Jackson Street
Monroe, Louisiana 71201
*Attorneys for Plaintiff*

Shreveport, Louisiana, this 29th day of February, 2024.

______________________________
OF COUNSEL



EXHIBIT 1

FOURTH JUDICIAL DISTRICT COURT

PARISH OF OUACHITA

STATE OF LOUISIANA

DOCKET NO. C-20240496 SEC CV3

Ouachita Parish
Filed Apr 30, 2024 11:45 AM
Ethel Barfield
Deputy Clerk of Court
E-File Received Apr 30, 2024 11:36 AM

C-20240496
CV3

ERIC WILLIAMS

VS.

WALMART, INC., ET AL

FILED: ______________________ ______________________
DEPUTY CLERK

**JOINT CONSENT PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between Plaintiff Eric Williams and Defendants, D.H. Pace Company, Inc. (hereafter "Pace") and Walmart, Inc. (hereafter "Walmart"), as follows:

**WHEREAS**, certain documents and information produced or exhibited by and among the parties to this action relating to trade secrets or other confidential research, development, or commercial information are deemed confidential, including but not limited to service orders, invoices, and master service agreements between Walmart and Pace.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.
2. Any party (collectively, "person" or persons") producing or filing documentation in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the documents, or on the portion(s) of the document for which confidential treatment is designated "Confidential". If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential".
    a. If either party objects to the designation of a document as "Confidential", they shall in good faith confer or attempt to confer with the designating



EXHIBIT 1

person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived.

b. During the time that documents designated as "Confidential" are disclosed in a **deposition**, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by the Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection or confidentiality is waived. A party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treated as "Confidential" the portion of the transcript containing an objection of confidentiality un less and until the Court overruled the objection b the above-described motion procedure.

c. The **inadvertent disclosures** of a document that could properly be designated as "Confidential" shall be without prejudice to the producing person. The producing party shall have a thirty (30) day period from the date of production to designate such documents and information as "Confidential".

d. The parties have agreed that **inadvertent disclosure** shall be subject to the attorney-client privilege of work product doctrine (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product doctrine if a request for return of such documents or information is made within ten (10) business days after the producing person learns of its

inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work product doctrine within ten (10) business days of the written notice from the producing party.

3. Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons, receiving party is hereby enjoined from disclosing and/or discriminating same to any other person except as provided herein:

   a. The **attorneys of record** for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

   b. **Independent experts and consultants** and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification";

   c. **The Court, Court personnel and Court reporters**;

   d. The **parties**, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation, and

   e. Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such person (excluding subpart © until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification".

4. The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal in Civil cases, which is located on the Court's website.

5. All documents, transcripts or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discussed any information designated as "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.
6. Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated as "Confidential".
7. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry or this Order, not the designation of any information, document, or the like as "Confidential", nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.
8. Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to the Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the party returning the "Confidential" materials from redacting information on copies of the "Confidential" materials which in the good faith judgment of counsel constitutes work product.
9. If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed, shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

10. Except pursuant to prior order of the Court after a request for the release of "Confidential" documents under this Order. "Confidential" documents may not be disclosed.

________________________________________

DISTRICT JUDGE

**Please Mail Signed Order to**
**The following counsel:**
Gino R. Forte
401 Whitney Ave, Suite 500
Gretna, LA 70056

Respectfully submitted:

GAUDRY, RANSON, HIGGINS &
GREMILLION, LLC

Gino R. Forte

**WADE A. LANGLOIS, III (#17681)**
**GINO R. FORTE (#29190)**
**ALLIE A. HINGLE (#40822)**
**ASHLEY A. HOLTZMAN (#40824)**
401 Whitney Ave., Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
*Counsel for D. H. Pace Company, Inc.*

And

BLANCHARD, WALKER, O'QUIN &
ROBERTS

Scott R. Wolf / w/ permission GRF

**SCOTT R. WOLF (#28277)**
333 Texas Street, Suite 700 (71101)
P.O. Drawer 1126 (71163)
Shreveport, LA
Phone: 318-221-6858
Fax: 318-227-2967
*Counsel for Wal-Mart, Inc.*

And

BRUSCATO LAW FIRM

Michael Mahaffey / w/ permission GRF

**John F. Bruscato (#34900)**
**E. Michael Mahaffey (#37214)**
603 Jackson Street
P.O. Box 34
Monroe, LA 71210-0034
*Attorneys for the Plaintiff, Eric Williams*

ATTACHMENT A

CERTIFICATION AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge and approve the Consent Protective Order attached hereto, understand the terms thereof, and agree to be bound by those terms.

Gino R. Forte

D.H. Pace Company, Inc.
Party Represented

/ w/ permission GRF

Scott R. Wolf

Counsel for Walmart, Inc.
Party Represented

/ w/ permission GRF

E. Michael Mahaffey

Counsel for Eric Williams
Party Represented